KLEIN, Judge.
Appellant Vivian Kaufman was injured when she fell in a theater, breaking her hip. She sued the lessee and the owners, and the trial judge granted the owner’s motion for summary judgment. We reverse.
Appellant attended a play at the Public Theater of South Florida and was seated in the front row. That row is on a platform which is elevated six to eight inches above the floor in front of it. The seats apparently slide forward when a person sits in them, and it appears that after appellant stood up, the person seated behind her put his hand on the back of her seat causing the bottom part of the seat to move forward. The seat bottom pushed appellant off the platform, and she alleges that she fell because the drop in elevation so close to the seat was dangerous.
The lease contained the following provisions:
14. Non-Liability of Landlord: Tenant covenants that the Landlord shall not be liable for any damage or injury of the Tenant, the Tenant’s agent, or employees, or to any person entering the premises or the building of which the demised premises are a part or to goods or chattels therein resulting from any defect in the structure or its equipment, or in the structure or equipment of the structure of which the demised premises are a part, and, further to indemnify and save the Landlord harmless from all claims of every kind and nature.
17. Repairs. Landlord covenants to keep the said building in good structural repair, so far as eoncems the Tenant, except as herein otherwise provided; but no liability to the Tenant shall accrue under this covenant until after the Tenant has given reasonable notice in writing to the Landlord of the specific repairs which are so required to be made.
The owners moved for summary judgment based on the above provisions in the lease and Craig v. Gate Maritime Properties, Inc., 631 So.2d 375 (Fla. 1st DCA 1994). In response, appellant submitted an affidavit of an expert establishing that the condition was a structural condition which violated both the building code and the building plans.
The trial court granted the owners’ motion for summary judgment, citing Craig, in which .the first district summarized Florida law pertaining to liability of owners for injuries where premises are leased to a tenant. *151 As the court observed in Craig, the owner’s liability depends “upon the extent the owner maintains a possessory interest or control over the instrumentality or land which contains a defect” causing the injuries. Craig, 631 So.2d at 377. The Craig court reversed a summary judgment finding that there were material issues of fact as to the owners’ control. We similarly find material issues of fact as to who had control of the alleged dangerous condition in this case, which are not resolved by the provisions in the lease. Reversed.
GUNTHER and FARMER, JJ., concur.